# DECISIONS

# COURT OF APPEALS OF KENTUCKY.

## SEPTEMBER TERM, 1885.

CASE 27—INDICTMENT—SEPTEMBER 12, 1885.

## Frey v. Commonwealth.

APPEAL FROM LOGAN CIRCUIT COURT.

AIDERS AND ABETTORS can not be indicted or punished under a statute which creates a felony, unless the statute applies to all who are guilty, and not alone to the person actually committing the acts constituting the offense.

Under the statute which provides for the confinement in the penitentiary of "any woman" who shall endeavor to conceal the birth of her bastard child, aiders and abettors can not be punished.

J. S. GOLLADAY FOR APPELLANT.

1. Where the punishment imposed by a statute is upon the person alone committing the offense, and not in general terms upon those who are guilty, mere aiders and abettors are not within the act. (Stamper v. Commonwealth, 7 Bush, 613.)

2. The indictment is bad, because it does not charge the guilt of the principal except inferentially. (Tully v. Commonwealth, 11 Bush, 154.)

3. The statute contemplates a *physical* concealment of the bastard child, and the indictment is not good because it fails to charge such a concealment. (General Statutes, chapter 29, article 4, section 14.)

4. The charge that the defendant "concealed" the birth of the child by "secreting" it, is a conclusion of law. (Foster v. Commonwealth, 12 Bush, 373.)

R. H. ALLENSWORTH ON SAME SIDE.

Frey v. Commonwealth.

P. W. HARDIN FOR APPELLEE.

All accessories in felonies are punishable as principals. (General Statutes, chapter 29, article 1, section 10.)

> The indictment against appellant charged him with the offense of "aiding and abetting" another person, a woman, in endeavoring to conceal the birth of her bastard child. Under this indictment appellant was convicted and sentenced to the penitentiary for three years. From that judgment this appeal was prosecuted.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

If the rule laid down in Stamper v. The Commonwealth, 7 Bush, 613, is to be followed, the judgment of conviction in the present case must be reversed. Where a statute creates a felony, and annexes a punishment common to all persons who may be guilty of the offense, those aiding or abetting in the perpetration of the crime are included in the statute, and may be indicted. This is the rule of the common law, and was recognized as the correct doctrine in the case referred to. The punishment fixed by the statute in this class of cases is imposed on the woman concealing, or endeavoring to conceal, the birth of her bastard child, so as it could not well be ascertained whether the child was born dead or alive. In such cases, and for the purpose of preventing the mother from concealing the evidence of her shame by destroying her offspring, it is provided that, when guilty of the offense, "she (the mother) shall be confined in the penitentiary not less than one nor more than five years." The punishment was intended to apply alone to the mother, the statute providing: "If any woman be delivered of any issue of her body, which being born alive would be a bastard, shall endeavor privately, by

drowning or secretly burying the same, or in any other way, directly or indirectly, to conceal the birth thereof, so that it may not be known whether it were born alive or not, she shall be confined," etc.

An aider or abettor, if the child was born alive and concealed so that death ensued, would be guilty of murder as well as the mother; but the difficulty in determining the question as to whether the child was or not born alive, induced the passage of the statute inflicting a punishment on the mother who endeavors to conceal its birth.

Section 10, article 1, chapter 29, General Statutes, making accessories before the fact liable as principals, was designed to apply only in cases where the offense existed at the common law, or where created by statute, applies to all who are guilty. The father of a bastard child concealing it is not amenable to the statute, but would be subjected to a greater punishment if the concealment, or the attempt to conceal its birth, caused its death. Stamper was indicted for malicious shooting and wounding another, without causing death. The statute made it a felony, but the court held that, being present aiding and abetting only in the shooting, the actual perpetrator of the offense could alone be convicted under the statute. That statute provided that "if any *person* shall willfully or maliciously shoot at, etc., he shall be confined in the penitentiary not less than one nor more than five years." That decision having been the recognized rule in this State for so long a period, it is unnecessary now to inquire whether or not that decision was a proper solution of the question involved in this case.

While the decided preponderance of the testimony favors the innocence of the accused, this court has no power to disturb the verdict upon that ground. The jury and the trial court, where there is any evidence of guilt, are the sole judges upon the issue of fact.

For the reason indicated the judgment below is reversed, with directions to dismiss the indictment.